IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CUMBERLAND PHARMACEUTICALS INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 12-825-LPS |
| | : | |
| SAGENT AGILA LLC, and SAGENT PHARMACEUTICALS, INC., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

At Wilmington this 1st day of November, 2013, this matter coming before the Court upon

the motion to dismiss (D.I. 9) plaintiff Cumberland Pharmaceuticals Inc.'s ("Plaintiff" or

"Cumberland") Complaint (D.I. 1), filed by defendants Sagent Agilia LLC and Sagent

Pharmaceuticals, Inc. (together, "Defendants" or "Sagent"), and having considered the parties'

papers submitted in connection therewith;

IT IS HEREBY ORDERED that Defendants' motion to dismiss (D.I. 9) is GRANTED

for the reasons that follow.

1.      This patent litigation action arises under the Hatch-Waxman Act.  On May 17,

2012, Sagent notified Cumberland that it had filed an Abbreviated New Drug Application

("ANDA"), ANDA No. 091684, for a generic Acetadote® formulation.  Sagent's letter contained

a "Paragraph IV" certification contending that Cumberland's U.S. Patent No. 8,148,356, entitled

"Acetylcysteine Composition and Uses Therefor" ("the '356 patent"), was invalid,

unenforceable, or would not be infringed by Sagent's generic formulation.  (*See* D.I. 1 ¶ 19; D.I.

15 at 2)

2.      On June 26, 2012, within 45 days of receipt of Sagent's notice letter, Cumberland

filed suit for infringement, triggering an automatic 30-month stay of FDA approval of Sagent's

ANDA. (*See* D.I. 10 at 1; 21 U.S.C. § 355(j)(B)(iii))  Cumberland alleges infringement of the

'356 patent (Count I) and seeks a declaratory judgment of infringement of the '356 patent (Count

II).

3.      On August 29, 2012, Sagent filed its motion to dismiss.  Sagent moves to dismiss

the Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.[1]  According to

Defendants, all claims of the asserted patent cover only a formulation "free from a chelating

agent," yet the Complaint alleges that Sagent's product contains EDTA, which is "a chelating

agent." (D.I. 10 at 1-2, 4, 6-7)  Therefore, Sagent argues, "[a]s a matter of both common sense

and controlling law, a formulation with a specific ingredient cannot infringe a patent claim that

forbids that very ingredient." (D.I. 10 at 5)  Indeed, in Sagent's view, paragraph 20 of

Cumberland's Complaint states the opposite of a claim for patent infringement, as "Cumberland

admits that '[o]n information and belief, Defendants' [Sagent's] proposed acetylcysteine product

contains EDTA.'" (*Id.* at 7; *see also* D.I. 1 ¶ 20)

4.      In opposing the motion, Plaintiff argues that Sagent improperly and "prematurely

---

[1]Evaluating a motion to dismiss under Rule 12(b)(6) requires the Court to accept as true
all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004).
Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded
allegations in the complaint as true, and viewing them in the light most favorable to plaintiff,
plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481–82 (3d Cir. 2000)
(internal quotation marks omitted).  However, "[t]o survive a motion to dismiss, a civil plaintiff
must allege facts that 'raise a right to relief above the speculative level on the assumption that the
allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v.. Tieman*, 499
F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  While
heightened fact pleading is not required, "enough facts to state a claim to relief that is plausible
on its face" must be alleged. *Twombly*, 127 S. Ct. at 1974.

seeks a claim construction ruling and summary judgment of non-infringement based on factual

matters in dispute." (D.I. 15 at 11) Plaintiff contends that neither the infringement allegations

contained in the Complaint, nor the patent-in-suit, is limited to an EDTA-free product. (*Id.* at 2)

Cumberland cites to examples of cases in which courts have refused to construe disputed claim

terms in connection with a motion to dismiss and have denied dismissal of patent infringement

actions.

     5.     The Court agrees with Sagent that its "there is no reasonable view of the facts pled

in Cumberland's Complaint that would support a claim for relief," specifically:

> 1. "[E]very claim of the '356 patent expressly requires a
> formulation that is "free of a chelating agent" or "free from a
> chelating agent' (D.I. 1-1, 9:19; 9:45; 10:22; 10:29);" and
>
> 2. "Cumberland admits that EDTA is a chelating agent, and that
> Sagent's product includes EDTA (D.I. 1, ¶¶ 13, 16, 20; D.I. 15 at
> [3])."

(D.I. 16 at 2)

     a.     Independent claim 1, which is representative of all of the claims of the

patent-in-suit, covers only formulations that are "free from a chelating agent," as is seen below:

> A stable aqueous pharmaceutical composition comprising between
> 200 and 250 mg/mL acetylcysteine, wherein the composition is
> ***free from a chelating agent***, or pharmaceutically acceptable salts
> thereof, wherein said composition is in a suitable form for
> intravenous injection, wherein the pH of the composition is from 6
> to 7, and wherein said composition is sealed in an airtight container
> comprising a fill volume of said composition and a headspace
> volume occupied by a pharmaceutically inert gas.

('356 patent at col. 9, lines 17-25) (emphasis added)[2] No claim construction is necessary in order

---

[2]Cumberland's claims are, obviously, based on the '356 patent, which is attached to the
Complaint. It is appropriate for the Court to consider the '356 patent for purposes of evaluating

to determine that "free from a chelating agent" means that a claimed composition may not include a chelating agent. Cumberland does not even suggest how "free from a chelating agent" could be construed to cover a composition containing a chelating agent. Indeed, to the contrary, the patent explains that the inventor developed a composition distinct from a prior art formulation in that the "old" formulation contained a chelating agent while the "new" formulation does not. (*See, e.g.,* '356 patent, Abstract ("This invention relates to novel acetylcysteine compositions in solution, comprising acetylcysteine and which are substantially free of metal chelating agents, such as EDTA."); *id.*, Summary of the Invention, col. 2, lines 45-50 ("It has been surprisingly found that an aqueous composition containing acetylcysteine, sterilized water, and a pH-adjusting agent, is stable without the addition of a chelating agent. Thus, the present invention relates to a solution containing acetylcysteine, which is substantially free of chelating agents.")) Likewise, the Complaint explains that Cumberland moved from an "old formulation" containing EDTA to a "new formulation" that does not. (*See* D.I. 1 ¶ 16 ("Contrary to the expectations and teaching in the field, Cumberland was successful in developing a new formulation that contained no EDTA or any other chelating agent yet offered surprisingly good stability."); *id.* at ¶¶ 13-18)[3]

      b.      Plaintiff's Complaint alleges that the ingredient EDTA is an example of a "chelating agent." (*Id.* at ¶ 13) Additionally, the '356 patent identifies EDTA as an example of a

---

the pending motion. *See, e.g.,* Fed. R. Civ. P. 10(c).

      [3]Cumberland insists, in a conclusory manner, that "neither the infringement allegations in the Complaint nor the patent-in-suit is limited to an EDTA-free product." (D.I. 13 at 2) To the extent Cumberland means to suggest that its patent is not limited to products free of a chelating agent, Cumberland identifies no basis for such a contention. The Court agrees with Sagent that "all claims of the '356 patent require a formulation free from a chelating agent." (D.I. 10 at 1)

class of compounds called chelating agents. ('356 patent at col. 4 lines 7-16) In fact, the patent identifies EDTA as a "widely used" example of a chelating agent. (*Id.*)

        c.      The Complaint alleges: "[o]n information and belief, Defendants' proposed acetylcysteine product contains EDTA." (D.I. 1 at ¶ 20)

        d.      It follows from the foregoing that Sagent's ANDA does not infringe any claim of the '356 patent.

        6.      Cumberland's attempts to avoid this conclusion are unavailing. No claim construction is required. Nor is there anything in any of the precedents relied on by Cumberland that provides any persuasive reason for allowing this case to proceed to discovery. Infringement under the doctrine of equivalents is unavailable because a finding of infringement would vitiate the "free from a chelating agent" claim limitation. Finally, even assuming that the Complaint satisfies the notice pleading requirements discussed in *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000) (per curiam) (reversing dismissal of patent infringement case where complaint met notice pleading requirements), that does not preclude dismissal, given the Complaint's failure (nonetheless) to state a claim for which relief may be granted, for the reasons already provided.

        Accordingly, Sagent's motion (D.I. 9) is GRANTED. Cumberland's Complaint is DISMISSED. The Clerk of Court is directed to CLOSE this case.

Wilmington, Delaware

                                        UNITED STATES DISTRICT JUDGE